UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IZAZ E KHAN,

        Plaintiff,

v.

NORTHWEST DETENTION CENTER and
IMMIGRATION CUSTOM
ENFORCEMENT,

        Defendants.

CASE NO. C09-5646FDB

REPORT AND
RECOMMENDATION

**NOTED January 29, 2010**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. This matter is before the court on plaintiff's failure to respond to the court's previous order. For the reasons set forth below, I recommend that this complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915.

**DISCUSSION**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other

REPORT AND
RECOMMENDATION- 1

grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. Leave to amend is not necessary where it is clear that the deficiencies in the complaint cannot be cured by amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). Here, on October 8, 2009, the Court Clerk received plaintiff's complaint along with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On October 28, 2009, the court granted the application. Doc. 3.

On November 16, 2009, the court reviewed the complaint, which was found to be deficient. Doc. 5. The complaint alleges plaintiff was physically and mentally tortured "by 5 men take down team" during his incarceration at the Northwest Detention Center. Plaintiff identifies individuals in his statement of claim, but he does not name them as defendants in the

REPORT AND
RECOMMENDATION- 2

case. The court specifically explained in its previous order that the entities named in the complaint – the Northwest Detention Center and Immigration Customs Enforcement – were not proper defendants. The court explained that plaintiff must name and show how a particular individual defendant personally participated in alleged violations. *Id*. The court provided plaintiff the opportunity to cure the deficiency and/or to amend his complaint by no later than December 18, 2009.

The court has not received a response to the court's order directing plaintiff to cure and correct the above described deficiency.

## CONCLUSION

Plaintiff has failed to respond to the court's order to show cause why this matter should not be summarily dismissed. Accordingly, the undersigned recommends that the Court dismiss this complaint prior to service as frivolous pursuant to 28 U.S.C. §1915.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 29, 2010,** as noted in the caption.

DATED this 31st day of December, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION- 3